NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-101

COMMONWEALTH

vs.

CHRISTOPHER SANCHEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Christopher Sanchez, appeals from convictions of two counts of armed robbery, G. L. c. 265, § 17, two counts of armed carjacking, G. L. c. 265, § 21A, one count of larceny of a motor vehicle, G. L. c. 266, § 28 (a), and one count of assault and battery by means of a firearm, G. L. c. 265, § 15E, after a jury trial in the Superior Court.[1] Concluding that the police detective's testimony that the defendant fired a gun into the air ten days prior to the incidents for which the defendant was convicted was not prejudicial, we affirm.

_____

[1] The jury acquitted him of carrying a firearm without a license, G. L. c. 265, § 10 (a), and assault and battery, G. L. c. 265, § 13A (a).

1. Standard of review. "[E]vidence of prior bad acts 'is not admissible to show a defendant's bad character or propensity to commit the charged crime.'" Commonwealth v. Facella, 478 Mass. 393, 403 (2017), quoting Commonwealth v. Dwyer, 448 Mass. 122, 128 (2006). "[S]uch evidence is admissible when offered for another purpose, such as motive, opportunity, intent, preparation, plan, knowledge, identity, or pattern of operation, so long as its probative value for that purpose is not outweighed by its prejudicial effect." Commonwealth v. Welch, 487 Mass. 425, 442-443 (2021), quoting Commonwealth v. Hall, 485 Mass. 145, 163 (2020). "These matters are 'entrusted to the trial judge's broad discretion and are not disturbed absent palpable error.'" Commonwealth v. Childs, 94 Mass. App. Ct. 67, 71 (2018), quoting Commonwealth v. Keown, 478 Mass. 232, 242 (2017), cert. denied, 583 U.S. 1139 (2018). "As the defendant timely objected to the introduction of the [prior bad act evidence], we review the ruling for prejudic[ial error]." Commonwealth v. Correia, 492 Mass. 220, 232 (2023).[2] "An error is not prejudicial if it did not influence the jury, or had but very slight effect." Commonwealth v. White, 103 Mass. App. Ct.

---

[2] At the start of the third day of trial, the defendant sought to exclude evidence that the defendant had previously fired the gun, arguing that the Commonwealth was not required to prove that the defendant knew that the firearm was operable, and the trial judge denied the motion. See Commonwealth v. Grady, 474 Mass. 715, 719 (2016).

2

655, 659 (2024), quoting Commonwealth v. Souza, 492 Mass. 615, 627 (2023).

2. Prior bad act evidence. Here, we need not decide whether the detective's testimony that the defendant fired the gun into the air ten days prior to the incidents for which the defendant was convicted was properly admitted because that evidence did not prejudice the defendant. The evidence was part of the detective's recitation of the defendant's admissions during an interrogation, which went unrecorded at the defendant's request. If the jury accepted those admissions as true, then they accepted that the defendant committed the far more serious crimes of which he was convicted. If they had disbelieved the defendant's admissions (either because they disbelieved the detective or disbelieved the defendant's statements to the detective), then they would not have believed that the defendant fired the gun into the air. In this particular case, there was no reason why the jury would have believed one and not the other.[3]

---

[3] In general, of course, a jury may believe part of a defendant's statement and disbelieve another part. See Commonwealth v. Lopez, 484 Mass. 211, 217 (2020). Here, however, we discern no persuasive reason -- nor has the defendant supplied one -- that the jury would have disbelieved the powerfully inculpatory admissions by the defendant while not only believing, but assigning significant weight to, the defendant's description of firing the gun into the air.

Furthermore, the trial judge contemporaneously instructed the jury not to consider the evidence for propensity purposes. "We presume, as we must, that a jury understand[ ] and follow[ ] limiting instructions." Commonwealth v. Martinez, 476 Mass. 186, 194 (2017), quoting Commonwealth v. Jackson, 384 Mass. 572, 579 (1981). We discern no prejudice. See Commonwealth v. Samia, 492 Mass. 135, 137, 154-156 (2023) (in drug-connected murder case, evidence that defendant's former girlfriend met him by buying drugs not prejudicial "given the brief nature of the testimony, the judge's limiting instruction that the evidence was not admitted for propensity purposes, which we presume the jury followed, and the strength of the evidence against the defendant"). See also Commonwealth v. Carriere, 470 Mass. 1, 16 (2014) (discerning no substantial likelihood of miscarriage of justice where Commonwealth admitted evidence that defendant had stolen from lumber yard where theft was "relatively minor" compared to charged "brutal killing").

Judgments affirmed.

By the Court (Green, C.J., Henry & Ditkoff, JJ.[4]),

*Anne M. Thomas*

Assistant Clerk

Entered: May 2, 2024.

---

[4] The panelists are listed in order of seniority.